UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PREIEST DARRIN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>TACOMA POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | CASE NO. 3:21-cv-05624-BHS<br><br>ORDER TO FILE AMENDED PROPOSED COMPLAINT |

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP"), which the District Court referred to the undersigned. *See* Dkt. 1. The Court declines to rule on plaintiff's IFP motion until plaintiff corrects the deficiencies in his proposed complaint identified herein by filing an amended proposed complaint. Failure to do so will result in a recommendation to dismiss this matter without prejudice.

**DISCUSSION**

Plaintiff has submitted the Court's form complaint for a civil case, in which he names "Officer Schillen's" and the "Tacoma Police Dept" as defendants. Dkt. 1-1, at 2. Plaintiff writes

that "no one will hire me because of this officer not being truthful." Dkt. 1-1, at 5. He also writes that "The Jail took a U.A. from me no meth in my U.A. [sic]." Dkt. 1-1, at 5. His proposed complaint is otherwise devoid of factual allegations or legal claims.

Plaintiff attaches a probable cause statement stating that plaintiff committed second degree assault and unlawful imprisonment on July 18, 2021. Dkt. 1-1, at 7. The statement includes Officer Schillen's report of events on that date, describing an incident in which plaintiff allegedly beat another person, tied her up, and held her hostage. Dkt. 1-1, at 8.

Where a plaintiff seeks to proceed IFP, the Court is authorized to review the proposed complaint to determine whether it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court "shall dismiss" a case if plaintiff fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

Here, plaintiff has not explained the law under which he seeks to proceed, the claims for which he seeks relief, the elements of the action that he is bringing, or even the factual allegations undergirding his complaint, beyond asserting that an officer lied and that plaintiff cannot find employment. Plaintiff's complaint fails to state a claim upon which relief can be granted. Because it is not clear exactly what type of claim plaintiff seeks to bring or what the factual allegations forming the basis for the claim may be, the Court will offer plaintiff an opportunity to file an amended proposed complaint.

Further, it appears to the Court that plaintiff may intend to bring a lawsuit against a Tacoma police officer under 42 U.S.C. § 1983, related to the legality of plaintiff's arrest. Plaintiff should be aware, however, that generally such a claim must be brought against a municipality (such as the City of Tacoma) and not a department of the municipality. *E.g.*, *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). Additionally, to prevail on a

claim against the City of Tacoma, plaintiff would need to show that a City policy, custom, or practice was the moving force behind the alleged constitutional violation.  *E.g.*, *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cit. 2010).  Separately, it appears likely that any such lawsuit would seek to have this Court involve itself in pending state court proceedings, as plaintiff appears to have been arrested in July 2021.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court required federal courts to abstain from hearing § 1983 claims where a party can adequately litigate a constitutional issue in state court criminal proceedings and where the federal action would have a substantially disruptive effect on the ongoing state criminal proceeding.  *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

## CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK

Unless plaintiff files an amended proposed complaint that corrects the deficiencies identified herein, the undersigned will recommend that the IFP motion be denied and this matter be dismissed without prejudice.  The undersigned declines to rule on the IFP motion at present, in light of plaintiff's failure to provide a proposed complaint that state a claim upon which relief can be granted.

If plaintiff chooses to amend his proposed complaint and proceed with this matter, he must file that complaint no later than **October 1, 2021**.  Failure to do so will result in a recommendation that this matter be dismissed without prejudice.

The amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint will act as a complete substitute for the original complaint, and not as a supplement.

An amended proposed complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474.

The Clerk is further directed to send a copy of this Order to plaintiff and to renote plaintiff's IFP motion (Dkt. 1) for consideration October 1, 2021. If plaintiff fails to file an amended proposed complaint or fails to adequately address the issues raised herein on or before **October 1, 2021**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

Dated this 1st day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge