UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PREIEST DARRIN SMITH, <br><br> Plaintiff, <br><br> v. <br><br> TACOMA POLICE DEPARTMENT, <br><br> Defendant. | CASE NO. 3:21-cv-05624-BHS <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: November 12, 2021 |

This matter is before the Court on referral of plaintiff's motion to proceed *in forma pauperis* ("IFP") and his proposed amended complaint. *See* Dkts. 1, 3; *see also* Amended General Order 02-19. Plaintiff proceeds *pro se*.

Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. The Court previously offered plaintiff an opportunity to amend his complaint, and the amendment proved to be futile. Therefore, the Court declines to offer plaintiff another opportunity to amend. The Court recommends that the IFP motion be denied, that this matter be dismissed without prejudice, and that the case be closed.

**BACKGROUND**

Plaintiff initiated this matter on August 27, 2021 and seeks to proceed IFP. *See* Dkt. 1. On September 1, 2021, after reviewing plaintiff's proposed complaint, the Court ordered plaintiff to show cause or amend the complaint for failing to state a claim upon which relief could be granted. *See* Dkt. 2. Specifically, the Court informed plaintiff that his proposed complaint did not explain what cause of action he sought to bring. *See* Dkt. 2, at 2. Plaintiff filed his proposed amended complaint on September 24, 2021. *See* Dkt. 3.

**DISCUSSION**

Under 28 U.S.C. § 1915(e)(2), the Court is authorized to review the sufficiency of a pleading when a plaintiff seeks to proceed IFP. Furthermore, federal courts are under a continuing duty to confirm their jurisdiction power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

Here, plaintiff's proposed amended complaint does not establish that this Court has jurisdiction over plaintiff's claim. Plaintiff cannot proceed under the Court's federal question jurisdiction because plaintiff listed several Washington State laws regarding racial profiling and false claims as the basis for his action. *See* Dkt. 3, at 3; 28 U.S.C. § 1331. Plaintiff also cannot proceed under the Court's diversity jurisdiction because both parties are in Tacoma, Washington. *See* 28 U.S.C. § 1332; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (To proceed under the Court's diversity jurisdiction, there must be complete diversity of the parties, which means that "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

Furthermore, despite the Court informing plaintiff about naming a proper defendant for purposes of a potential § 1983 claim, plaintiff named the Tacoma Police Department instead of

1  the City of Tacoma as the defendant. *See* Dkts. 2, at 2; 3, at 4. Plaintiff also does not allege that a
2  policy, custom, or practice was the moving force behind an alleged constitutional violation. *See*
3  *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). For these reasons, granting plaintiff an
4  opportunity to amend his proposed complaint was futile and the Court declines to provide
5  plaintiff another opportunity.

**CONCLUSION**

7  The undersigned recommends that the District Court deny the motion to proceed IFP and
8  dismiss this matter without prejudice.
9  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
10 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
11 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
12 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
13 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
14 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule
15 72(b), the Clerk is directed to set the matter for consideration on **November 12, 2021**, as noted in
16 the caption.
17 Dated this 26th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3